PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN B. SANTIAGO, Defendant and Appellant.

No. 5562. Argued November 14, 1934.—Decided November 23, 1934.

*L. Santiago Carmona* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Sergeant Ortiz of the Insular Police filed a complaint in the Municipal Court of Bayamón against Juan B. Santiago, known as San Juan, charging him with the commission of an aggravated assault and battery, for having assaulted and battered Manuel Rivera de la Vega, Esq., in the inside of a bus wherein various persons traveled, in the town of Naranjito, on February 2, 1933.

The defendant having been convicted by the municipal court, he appealed to the district court which convicted him of simple assault and battery and imposed a twenty dollar fine on him.

Feeling aggrieved, the defendant appealed to this court. He maintains in his brief that the judgment should be reversed on the ground that neither "the guilty mind" nor the "criminal intent" required for the existence of the criminal act were shown.

The evidence shows that Mr. Rivera traveled in an omnibus generally known as a *"guagua,"* sitting on a front seat, when suddenly, according to his testimony, he received a blow on his right cheek. He rose on a sudden and faced the defendant.

Alberto Sánchez, the owner of the bus, said that he was speaking to Mr. Rivera, that the defendant traveled sitting on the rearmost seat, that the bus stopped and the defendant got up and, on passing by the side of Rivera, assaulted him, provoking the resulting confusion, certain ladies who traveled in the bus throwing themselves through the window, and the witness taking hold of the defendant to make him get off as soon as possible.

Andrés Pedroza saw the defendant assault and batter Rivera, and Santiago Ortiz corroborates the former declarations with his own. Sergeant Ortiz of the Insular Police, who was at Naranjito, investigated the case and filed the complaint.

The defendant only opposed his own testimony to such evidence for the prosecution. He testified that he was a friend of Rivera and was always joking with him, and that he told him that day: " 'Say, Manolín, are you going to get off here?' and thereupon Sánchez grasped me thinking that I was going to fight."

The assault was a sudden one. The reason that the defendant may have had does not appear, but the acts by him committed and the impression caused on the persons who saw the same show that his intention was not to joke, but to assault. In every crime the act and the criminal intent must go together, the latter being manifested by the circumstances connected with the offense, and the sound mind and discretion of the accused, and all persons who are neither idiots, nor lunatics, nor affected with insanity being reputed as of sound mind. A malicious and guilty intention is presumed from the manner and deliberation with which an

unlawful act is intended or committed for the purpose of injuring another. Sections 11 and 12 of the Penal Code.

Applying those principles to this case wherein an offense is dealt with which is perpetrated upon "the use of any unlawful violence upon the person of another with intent to injure him, whatever be the means or the degree of violence used," (Sec. 1 of the Act to define and punish simple assault, etc., of March 10, 1904), it is easily concluded that the offense was actually committed and therefore, that the court did not err in convicting the defendant. The truth is that this appeal is not conceivable except for the purpose of delaying the execution of the judgment, for the only thing appearing from the record is the leniency of the punishment imposed on the defendant, considering all the attendant circumstances disclosed by the evidence. The appeal must be dismissed and the judgment appealed from affirmed.